IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZERO DOWN SUPPLY CHAIN SOLUTIONS, INC., et al., | |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO AMEND |
| vs. | |
| GLOBAL TRANSPORTATION SOLUTIONS, INC., et al., | Case No. 2:07-CV-400 TS |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Leave to Amend[1] and Defendant

Sparrow & Kuntz's Motion to Stay.[2]  As explained below, the Court will grant the Motion for

Leave to Amend and deny the Motion to Stay.

I.  BACKGROUND

Plaintiffs Zero Down Supply Chain Solutions, Inc., a Florida corporation ("Zero Down

Florida"), and Brad McBride originally filed their Complaint in this action in June 2006 in the

United States District Court for the Southern District of Florida (the "Florida Court"), naming

---

[1]Docket No. 38.

[2]Docket No. 49.

Global Transportation Solutions, Inc. ("GTS"), RFQ World, Inc. ("RFQ"), RKC Development

("RKC"), Key Bank of Utah, Global Transportation Management Solutions, Inc. ("GTMS"),

Sparrow & Kunz, LLC, Shawn Shaw, Pat Cullinane, Thad Haderlie, and Valerio De Guevara as

Defendants.  On October 30, 2006, shortly after Plaintiffs Zero Down Florida and McBride filed

an Amended Complaint, the Florida Court entered a Scheduling Order, which included a

deadline for joining parties and amending pleadings (March 6, 2007) and a deadline for fact

discovery (June 26, 2007).

On June 11, 2007, the Florida Court entered an order finding that Zero Down Utah, LLC,

a Utah limited liability company ("Zero Down Utah") was a necessary party to this action under

Federal Rule of Civil Procedure 19(a).[3]  The Florida Court also concluded that the interest of

justice and the convenience of parties and witnesses necessitated transferring the case to this

Court pursuant to 28 U.S.C. § 1404(a).

At the time of the June 11 Order, a number of motions were still pending before the

Florida Court, including two motions to dismiss,[4] one motion for summary judgment,[5] three

---

[3]Some confusion has apparently arisen from a phrase in the Conclusion of the June 11 Order that states, "it is hereby ORDERED AND ADJUDGED that [the] Motion to Dismiss Amended Complaint is GRANTED, in part, for failure to join an indispensable party." *See* Docket No. 15-22 at 10.  However, it is clear that the Florida Court did not intend to dismiss the case as it transferred the case to this Court "for further proceedings." *See* Docket No. 15-22 at 10.  This is also evident from the Florida Court's conclusion that joinder of Zero Down does not interfere with its jurisdiction, obviating the need to determine whether dismissal was required under Rule 19(b). *See* Docket No. 15-22 at 7 n.4.

[4]Docket Nos. 8-17 and 9-26.

[5]Docket No. 10-3.

motions for protective orders,[6] and two motions to compel.[7]  None of the Defendants have filed

an answer to the Amended Complaint and no date is currently scheduled for trial.

## II.  DISCUSSION

Plaintiffs now seek leave to amend the Amended Complaint both to join Zero Down Utah

and to conform the Amended Complaint to newly discovered facts.  Defendants[8] contend that

Plaintiffs have not shown good cause to amend the Complaint after the deadline for amending

pleadings set forth in the Florida Court's Scheduling Order.  Defendants further argue that the

Court should refuse leave to amend because of undue delay and undue prejudice.

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil

Procedure 15(a) dictates that "a party may amend the party's pleading only by leave of court or

by written consent of the adverse party."  The Rule specifies that "leave shall be freely given

when justice so requires."[9]  "The purpose of the Rule is to provide litigants 'the maximum

opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[10]

However, the Court may refuse to grant leave to amend where it finds evidence of "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[6]Docket Nos. 13-7, 14-17, and 15-2.

[7]Docket Nos. 15-16 and 15-18.

[8]Defendant Key Bank filed a memorandum in opposition (Docket No. 47) in which
Defendants Sparrow & Kunz, RKC, GTMS, Haderlie, De Guevara, Cullinane, and RFQ join.
Defendants Cullinane and RFQ also filed a memorandum in opposition (Docket No. 57) in which
RKC, GTMS, Haderlie, and De Guevara join.

[9]Fed. R. Civ. P. 15(a).

[10]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v.
Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, [or] futility of amendment."[11]  "Lateness does not of itself justify the denial of

[an] amendment."[12]  However, "denial of leave to amend is appropriate 'when the party filing the

motion has no adequate explanation for the delay.'"[13]

The "most important . . . factor in deciding a motion to amend the pleadings, is whether

the amendment would prejudice the nonmoving party."[14]  "Courts typically find prejudice only

when the amendment unfairly affects the defendants 'in terms of preparing their defense to the

amendment.'"[15]

Where an amendment is sought after the deadline for the amendment of pleadings set

forth in a scheduling order, some courts also require that the plaintiff show good cause as

required under Rule 16(b).[16]  The Tenth Circuit recently declined to decide whether to require a

showing of good cause in such a situation, although it noted the "rough similarity between the

'good cause' standard of Rule 16(b) and [the Tenth Circuit's] 'undue delay' analysis under Rule

15."[17]  The "good cause" standard "requires the nonmoving party to show that it has been

---

[11]*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[12]*Id.* at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)) (internal quotation marks omitted).

[13]*Id.* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[14]*Id.* at 1207.

[15]*Id.* at 1208.

[16]*See id.* at 1205 n.4; *see* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . .").

[17]*Minter*, 451 F.3d at 1205.  Defendants argue that the Court is obligated to apply Eleventh Circuit law to the matter at hand because it is the law of the transferor court.  However,

diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[18]

In this case, the Court finds that the interests of justice require that Plaintiffs' Motion for Leave to Amend be granted.  As the Florida Court found that Zero Down is a necessary party under Rule 19, Zero Down Utah "must be joined as a party" to this action.[19]  As a newly joined party, fairness requires that Zero Down Utah be allowed to assert any and all of its related claims.  Otherwise, any claims properly belonging to Zero Down Utah that were not previously pled by Plaintiffs Zero Down Florida and McBride would be permanently lost to Zero Down Utah upon this Court's entry of final judgment by virtue of the doctrine of res judicata, which "will prevent a party from relitigating a legal claim that was or *could have been* the subject of a previously issued final judgment."[20]

Amendment will not unduly prejudice Defendants as it will not unfairly affect their ability to prepare a defense.  The addition of Zero Down Utah to this action necessitates modification of the deadlines in the Scheduling Order entered by the Florida Court to enable Zero Down Utah to conduct discovery and otherwise participate in the case.  The reopening of

---

as this case is before the Court on federal question jurisdiction and the proper standard for evaluating a motion for leave to amend under the Federal Rules of Civil Procedure is not a question of "geographically non-uniform" federal law, the Court is not obligated to apply the law of the transferor court.  *See Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1546 (10th Cir. 1996) (quoting *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1127 (7th Cir. 1993)).  Therefore, the Court will apply Tenth Circuit law to Plaintiffs' Motion for Leave to Amend.

[18]*Minter*, 451 F.3d at 1205 n.4.

[19]Fed. R. Civ. P. 19(a)(1), (2) ("If a [necessary party] has not been joined as required, the court *must* order that the person be made a party.") (emphasis added).

[20]*See Mactec, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (emphasis added).

discovery will allow Defendants to prepare their defense to any new claims.  Although

recognizing the frustration and expense in having to basically start over in a case that was

initiated more than eighteen months ago, the Court notes that this is what the Defendants asked

for by arguing before the Florida Court that Zero Down Utah was a necessary party to this

action.[21]  Thus, the Court is unpersuaded by Defendants' claims of undue prejudice.

Moreover, the Court cannot find undue delay in Plaintiffs' proposed amendment where

Defendants have not even filed an answer and there is not a date scheduled for trial.  As

Defendants Haderlie and RKC have admitted, this case is "still in its infancy."[22]

Even assuming the existence of a "good cause" requirement, the Court finds good cause

to allow amendment despite the expired deadline for amending pleadings set forth in the Florida

Court's Scheduling Order.  Inherent in the Florida Court's finding that Zero Down Utah is a

necessary party that must be joined is the understanding that the Scheduling Order would need to

be amended to allow Zero Down Utah to fully participate in the case.  With this in mind, the

Court finds no reason to hold Plaintiffs Zero Down Florida and McBride to the deadline for

amending pleadings in the Florida Court's Scheduling Order, especially as this case has been

mired in a series of unresolved dispositive motions and discovery disputes for much of its

existence.  Largely due to these unresolved issues, the case has barely moved beyond where it

stood at the entry of the Florida Court's Scheduling Order on October 30, 2006.  In light of these

circumstances, the Court finds good cause to allow leave to amend despite the expired deadline

---

[21]*See* Defendant Key Bank's Mot. to Dismiss at 9-11 (Docket No. 8-3); Defendant
Sparrow & Kunz's Mot. to Dismiss at 5-7 (Docket No. 8-17); Defendant RFQ's and Defendant
Cullinane's Mot. to Dismiss at 8-10 (Docket No. 9-26).

[22]Pls.' Mem. Opp. at 2, 6, *RKC Dev., LC v. ZDSCS, LLC*, Civil No. 060101315 (Utah
Dist. Ct. Oct. 9, 2007) (Docket No. 66 Ex. A).

in the Scheduling Order.

Accordingly, the Court will grant Plaintiffs' Motion for Leave to Amend.  Plaintiffs have submitted a proposed amended complaint with which the Court is generally satisfied.  However, in its June 11 Order, the Florida Court declined to reach the Parties' arguments regarding whether an entity by the name of Zero Down Consulting.com, Inc., is also a necessary party to this action.[23]  Without expressing any opinion as to whether this entity is indeed a necessary party, the Court will allow Plaintiffs an additional thirty days to file an amended complaint adding any other necessary parties or claims.

Lastly, the Court notes that a number of dispositive motions remain unresolved.  The Court finds that ruling on these motions prior to allowing the amendment would be premature as any disposition would not address Zero Down Utah's claims.  Thus, the Court will deny without prejudice the motions to dismiss and the motion for summary judgment.  The Court will also deny Defendant Sparrow & Kunz's Motion to Stay, which asks the Court to stay consideration of Plaintiffs' Motion for Leave to Amend pending a ruling on the dispositive motions.

### III.  CONCLUSION

Therefore, it is

ORDERED that Plaintiffs' Motion for Leave to Amend (Docket No. 38) is GRANTED. It is further

ORDERED that Plaintiffs shall file an amended complaint on or before March 3, 2008.  It is further

ORDERED that Defendant Sparrow & Kunz's Motion to Dismiss (Docket No. 8-17),

---

[23]Docket No. 15-22 at 7 n.4.

Defendant RFQ's and Defendant Cullinane's Motion to Dismiss (Docket No. 9-26), and

Defendant Sparrow & Kunz's Motion for Summary Judgment (Docket No. 10-3) are DENIED

WITHOUT PREJUDICE.  It is further

      ORDERED that Defendant Sparrow & Kunz's Motion to Stay (Docket No. 49) is

DENIED.

      DATED   January 31, 2008.

                          BY THE COURT:

                          _____

                          TED STEWART
                          United States District Judge