IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZERO DOWN SUPPLY CHAIN SOULTIONS, INC., a Florida corporation; ZERO DOWN SUPPLY CHAIN SOLUTIONS, LLC, a Utah limited liability company; ZERODOWNCONSULTING.COM, INC., a Florida Corporation; and BRAD MCBRIDE, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> GLOBAL TRANSPORTATION MANAGEMENT SOLUTIONS; RFQ WORLD, INC.; RKC DEVELOPMENT; KEY BANK OF UTAH; GLOBAL TRANSPORTATION MANAGEMENT SOLUTIONS; SPARROW & KUNZ; SHAWN SHAW; PAT CULLINANE; THAD HADERLIE; and VALERIO DE GUEVARA, <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br><br> Case No. 2:07-cv-00400 |

Plaintiffs Zero Down Supply Chain Solutions, Inc., Zero Down Supply Chain Solutions, LLC,  Zerodownconsulting.com, and Brad McBride (Zero Down) brought suit against Defendants alleging that they conspired to defraud Zero Down, to steal proprietary software from Zero Down, and to divert Zero Down customers to Global Transportation Management

1

Solutions, a company named as a Defendant and owned by several of the other Defendants. They also make breach of contract, breach of fiduciary duty, and unjust enrichment claims against various groups of Defendants and negligence claims against Key Bank, Zero Down's financial institution, and Sparrow & Kunz, Zero Down's accountants.

Zero Down seeks default judgment against two groups of Defendants: the Haderlie Defendants, consisting of Defendants RKC Development, L.C., Datakab, L.C., and Thad Haderlie; and the Shaw Defendants, consisting of Defendants Shawn Shaw, Global Transportation Management Solutions, Inc., and Global Transportaion Solutions, Inc. Zero Down seeks default judgment against the Haderlie Defendants because they have not appointed new counsel since the withdrawal of their last counsel in violation of the court's October 30, 2009 Order. Zero Down seeks an order to show cause and an entry of default judgment against the Shaw Defendants as a remedy for their failure to comply with the court's October 6, 2009 Order, which required the Shaw Defendants to respond to discovery requests and required their attorney to pay attorney fees to Zero Down's attorneys. Neither the Shaw Defendants nor the Haderlie Defendants have replied to Zero Down's motions, but the other Defendants have objected to the entry of default judgment on issues that will affect their own liability, particularly with regards to the civil conspiracy claim. Specifically, Defendant Sparrow & Kunz filed an objection to Zero Down's motion against the Shaw Defendants, and Defendant Key Bank filed a brief in opposition to Zero Down's motion against the Haderlie Defendants, which was joined by Defendants Sparrow & Kunz, RFQ World, Inc., Pat Cullinane, and Valerio De Guevara.

Entry of default and entry of default judgment are two separate occurrences. See Fed. R. Civ. P. 55. The court has the authority to enter default against a defendant who "fail[s] to . . . defend" a lawsuit. Fed. R. Civ. P. 55(a); see also Wright, Miller & Kane Federal Practice and

Procedure: Civil 3d § 2682 at 18 ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").  Failure to retain new counsel when ordered to do so by the court is a failure to defend the lawsuit.  <u>Eagle Assocs. v. Bank of Montreal</u>, 926 F.2d 1305, 1310 (2d Cir. 1991).  The court may also enter default if a party fails to comply with a court order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(A)(vi).  "[A]n entry of default is merely a formal matter and does not constitute the entry of judgment."  Wright, Miller & Kane § 2682 at 20.

Upon entry of default, the court may enter default judgment.  Fed. R. Civ. P. 55(b).  But the court will not enter default judgment if doing so creates a risk of inconsistent judgment against the remaining Defendants.  "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  <u>Hunt v. Inter-globe Energy, Inc.</u>, 770 F.2d 145, 147 (10th Cir. 1985) (quotations omitted); <u>see also</u> <u>Frow v. De La Vega</u>, 82 U.S. (15 Wall.) 552 (1872).  "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors."  <u>Id.</u> at 147.  As a result, the rule against imposing default judgment on less than all jointly liable defendants also extends to situations "where several defendants have closely related defenses."  Wright, Miller & Kane § 2690 at 76; see also <u>Green Oak Hedge Fund, Ltd. v. Hopkinson</u>, No. 2:06-CV-636, 2008 U.S. Dist. LEXIS 2817 at * 11 (D. Utah January 14, 2008) (declining to enter default judgment "where the same transaction and factual allegations underlay many of the . . . claims [against remaining defendants]."

If a conspiracy is found, "[w]ithout qualification, each conspirator is liable for all damages flowing from the conspiracy."  16 Am. Jur. 2d Conspiracy § 70.  This court recently

denied a motion for default judgment against a party on civil conspiracy and RICO claims because liability under those claims would be joint and several. <u>Green Oak Hedge Fund, Ltd.</u>, No. 2:06-CV-636, 2008 U.S. Dist. LEXIS 2817.  The court reasoned that when liability is joint and several "[u]niformity of liability . . . is logically required." <u>Id.</u> at * 11.  Similarly in this case default judgment is inappropriate with regards to any of the claims involving the alleged civil conspiracy.

Several other claims against the Shaw and Haderlie Defendants fall outside the civil conspiracy claim.  These claims include the claim that Defendants Pat Cullinane and Shawn Shaw breached an employment agreement with Zero Down (claim 8), that Defendants Thad Haderlie, RKC Development, and Datakab breached a software development agreement (claim 9), that Defendants Pat Cullinane, Shawn Shaw, Thad Haderlie, Global Transportation Solutions, RKC Development, and RFQ World breached a consulting agreement and violated their fiduciary duty to Zero Down that arose as part of the consulting agreement and received unjust enrichment from their illegal behavior (claims 10, 20, 22).   All of these claims except for claim 9 pertain to both defaulting Defendants and Defendant Mr. Cullinane.

Each allegation under claim 8, breach of the employment agreement, alleges that Mr. Shaw and Mr. Cullinane both engaged in the same behavior to breach their employment agreement.  No specific allegations are made against either Defendant individually.  Likewise the allegations in claim 10, which also form the basis for claims 20 and 22, are made against both defaulting and nondefaulting Defendants without differentiating between the individual Defendants.  The breach of the software development agreement against only the Haderlie Defendants also implicates joint behavior of all the Defendants.  Although the Haderlie Defendants were the only Defendants who allegedly failed to deliver promised software under

4

the agreement as alleged in claim 9, this claim also alleges that as a result of this breach the Haderlie Defendants were able to conspire to divert customers from Zero Down.  This is the same behavior that forms the basis of many of Zero Down's other claims.  Because the alleged illegal behavior underlying Zero Down's breach of contract, breach of fiduciary duty, and unjust enrichment claims against the Shaw and Haderlie Defendants is the same as the behavior underlying the claims against nondefaulting Defendants, default judgment on these claims creates the risk of inconsistent results.

The court orders that default be entered against Defendants RKC Development, L.C., Datakab, L.C., Thad Haderlie, Shawn Shaw, Global Transportation Management Solutions, Inc., and Global Transportaion Solutions, Inc.  But no default judgment will be entered against defaulting Defendants until after the claims against remaining Defendants have been adjudicated.

DATED this   5   day of February, 2010.

BY THE COURT:

_Tena Campbell_

TENA CAMPBELL
United States District Judge