IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZERO DOWN SUPPLY CHAIN SOLUTIONS, INC.; ZERO DOWN SUPPLY CHAIN SOLUTIONS, LLC; ZERODOWNCONSULTING.COM, INC.; and BRAD MCBRIDE,<br><br>Plaintiffs,<br><br>vs.<br><br>GLOBAL TRANSPORTATION SOLUTIONS, INC.; RFQ WORLD, INC.; RKC DEVELOPMENT, L.C.; KEY BANK OF UTAH; GLOBAL TRANSPORTATION MANAGEMENT SOLUTIONS, INC.; SPARROW & KUNZ, LLC; SHAWN SHAW; PAT CULLINANE; THAD HADERLIE; DATAKAB, L.C.; and VALERIO DE GUEVARA,<br><br>Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:07-CV-400-TC |

On February 5, 2010, the court found that despite repeated admonitions, Defendants Shawn Shaw, Global Transportation Solutions, Inc. (GTS), and Global Transportation Management Solutions, Inc. (GTMS) had failed to comply with discovery requests or to participate in the litigation of the above-captioned matter in any meaningful way. (Dkt. No. 329.) As a result, the court granted Plaintiffs' Motion for Default Judgment (Dkt. No. 301), but declined to enter judgment against the defaulting Defendants until after the claims against the remaining defendants had been adjudicated. Mr. Shaw, GTS, and GTMS (collectively, the

"Shaw Defendants") have now filed a Motion to Set Aside Default Judgment (Dkt. No. 445). The Shaw Defendants claim that, due to the grossly negligent conduct of their attorney, Steven B. Smith, there is good cause for the court to set aside the default judgment under Rule 55(c) of the Federal Rules of Civil Procedure.

For the reasons set forth below, the court DENIES the Shaw Defendants' Motion to Set Aside Default Judgment (Dkt. No. 445) and GRANTS Plaintiffs' Motion to Strike the answer to the amended complaint that was filed by the Shaw Defendants (Dkt. No. 450).

BACKGROUND[1]

The Shaw Defendants detail a series of errors that they claim their attorney, Steven B. Smith, committed while representing them in this matter.

First, Mr. Smith failed to file a timely answer on behalf of the Shaw Defendants in response to Plaintiffs' Second Amended Complaint that was served on March 3, 2008 (Dkt. No. 77). Mr. Smith also failed to file any responses to the Plaintiffs' requests for discovery (Dkt. Nos. 172, 173, 178). As a result, Plaintiffs filed a Motion for Summary Judgment, or for Default Judgment against Mr. Shaw and GTS, and a motion to compel responses to the requested discovery (Dkt. No. 200). Plaintiffs also filed a motion to compel GTMS to respond to discovery requests (Dkt. No. 232). Mr. Smith finally filed an answer to the Second Amended Complaint on behalf of Mr. Shaw and GTS on June 21, 2009 (Dkt. No. 239).

On June 22, 2009, the court held a hearing on Plaintiffs' Motion for Summary Judgment, or for Default Judgment. Mr. Smith acknowledged that he had failed to file an answer by the

---

[1] The following facts are taken from the Shaw Defendants' Motion to Set Aside Default Judgment (Dkt. No. 445) and from the case docket.

appointed date and that he had failed to respond to Plaintiffs' discovery requests. The court ordered Mr. Smith to pay Plaintiffs' attorneys' fees and expenses as a sanction for his misconduct, and ordered Mr. Shaw and GTS to produce the documents sought in Plaintiffs' Motion to Compel. (See June 23, 2009 Order, Dkt. No. 242.)

Mr. Shaw and GTS did not produce the requested documents to Plaintiffs, although Defendants contend that Mr. Smith told them that the documents had been served. As a result, Plaintiffs filed a Motion for Order to Show Cause against Mr. Shaw and GTS on August 15, 2009, for failure to respond to the requested discovery. (Dkt. No. 258.) Mr. Smith did not respond to this motion. During a hearing on September 30, 2009, the court held Mr. Shaw and GTS in contempt and, as a sanction, dismissed their counterclaims "with prejudice and on the merits." (Oct. 6, 2009 Order, Dkt. No. 281.) The court further ordered the defendants, including GTMS, to provide the requested documents by no later than October 9, 2009. The court noted that failure to do so could result in the entry of default judgment. The defendants still failed to provide the requested discovery responses.

Plaintiffs filed a second Motion for Order to Show Cause against the Shaw Defendants on November 18, 2009 (Dkt. No. 295). There was no response. On February 5, 2010, the court entered default against the Shaw Defendants, reserving the entry of final default judgment until after the claims against the remaining defendants had been adjudicated. (Dkt. No. 329.)

Mr. Shaw claims that he then contacted Mr. Smith, who told him that default was part of the "strategy and concerted effort among himself and the other defense attorneys." Mr. Smith believed that default would put the Shaw Defendants "in a better legal position" and allow them to avoid participating in discovery to save money on attorneys' fees.

During the week of August 10, 2010, Mr. Shaw attended the depositions of Plaintiffs in this matter. Kristin Jacobs, counsel for defendant Pat Cullinane, saw Mr. Shaw during a lunch break and asked what he was doing there, commenting: "[Y]ou are out of the case. You need to talk to your lawyer." Mr. Shaw claims that he then spoke to Mr. Smith, and Mr. Smith assured him that the Shaw Defendants could simply re-enter the case at a later time.

Mr. Smith filed a motion to withdraw as counsel on October 24, 2011 (Dkt. No. 420), and on December 16, 2011, the Shaw Defendants obtained new counsel. The Shaw Defendants then filed this motion to set aside default judgment (Dkt. No. 445), as well as an answer to the Amended Complaint (Dkt. No. 440).

## ANALYSIS

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In order to determine whether there is good cause to set aside the entry of default, the court considers the following principal factors: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Hunt v. Ford Motor Co., 65 F.3d 178, at *3 (10th Cir. 1995) (unpublished).

In examining the first factor—namely, whether the default was the result of the defendant's culpable conduct—, courts begin with the general proposition that a lawyer's tactical decisions and noncompliance are imputed to the client. As the Tenth Circuit has explained:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of

4

>representative litigation, in which each party is deemed bound by acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney . . . . [A]ny rule which considered the client's lack of fault would be to visit the sins of client's counsel on the opposing counsel.

Smith v. United States, 834 F.2d 166, 170-71 (10th Cir. 1987) (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 633 (1962)).

The Shaw Defendants urge the court to follow a line of reasoning that has been adopted by several circuit courts under which the court should disregard this general rule if it finds that client's counsel has committed gross negligence. See Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 808 (3d Cir. 1986) (noting that "the more indefensible the attorney's behavior, the greater is one's natural sympathy for the ultimate victim – the client"); In re Virginia Info. Sys. Corp., 932 F.2d 338, 342 (4th Cir. 1997) (holding that "attorney malfeasance which actively misleads a client or is comparably culpable" is sufficient grounds to set aside a default judgment); Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 195 (6th Cir. 1986) (stating "we do not believe that this record exhibits circumstances in which a client should suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention"); Comm. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (joining the Third, Sixth, and Federal Circuits in holding that "where the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside"); L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C. Cir. 1964) (ruling that relief from default is appropriate when "personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client"). But not all circuits have adopted this approach. See Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) ("attorney

inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant"). And the Tenth Circuit has not yet ruled on the issue.

The court need not choose between these differing rulings as to the effect of an attorney's gross negligence. Even if the court were to assume that Mr. Smith's actions cannot be imputed to his clients, the court finds that the Shaw Defendants are still culpable for some of the events that led to the entry of default against them. At best, the Shaw Defendants' actions can be seen as an example of willful ignorance. As early as May 19, 2009, Mr. Shaw received emails from his co-defendant Pat Cullinane and Mr. Cullinane's attorney, Rick Golden, who expressed concern that Mr. Smith had not filed a response to one of Plaintiffs' motions. (See Shaw Decl. ¶ 7, Dkt. No. 446-1.) In June 2009, Mr. Shaw learned at a court hearing that Mr. Smith had failed to file an answer to Plaintiffs' Second Amended Complaint, and had not served answers to Plaintiffs' Requests for Discovery. (Id. at ¶ 15.) Mr. Shaw learned that the court had entered default against him in February 2010. (Id. at ¶ 25.) Mr. Shaw then spoke with Mr. Smith about the default and evidently believed Mr. Smith's statements that the Shaw Defendants could simply re-enter the case later as part of a "strategy and concerted effort." (Id. at ¶ 27.) And on August 10, 2010, Mr. Shaw was told while attending a deposition that he was "out of the case" and that he should talk to his lawyer. (Id. at ¶ 30.) Despite these numerous warnings, the Shaw Defendants did not dismiss Mr. Smith and obtain new counsel until nearly two years after the court entered default against them.

While the Shaw Defendants may have been legitimately confused by the legal process, this ignorance cannot justify the extreme delay that occurred before these defendants sought new

legal advice and strove to overturn the entry of default against them.  Mr. Shaw claims that he relied on Mr. Smith's explanation that being out of the case actually put the Shaw Defendants in a better legal position than they were previously.  But such belief, given Mr. Shaw's knowledge of the multiple times that the court admonished Mr. Smith for his misconduct, does not absolve Mr. Shaw of blame.  The Shaw Defendants cannot avoid the consequences of Mr. Smith's incompetence by hiding their heads in the sand throughout the litigation process and then claiming ignorance when that litigation is in its final stages.

Even if the court were uncertain that the Shaw Defendants' delay was evidence of culpable conduct, such a finding would not end the court's good cause analysis.  The court must still consider the remaining two factors— the prejudice to the plaintiffs and the existence of a meritorious defense.  These factors are either neutral or weigh against the defendants.

The court finds that Plaintiffs would suffer substantial prejudice if the court were to set aside the entry of default.  Plaintiffs would be forced to re-conduct already completed discovery, and during the six years that this case has now progressed, evidence has no doubt become unavailable and witnesses' recollections have grown faulty.  "To set aside the defaults would result in even greater delay to Plaintiff and the other Defendants as the case would have to start over against [the defaulting defendant]."  Phillip M. Adams & Assocs., LLC v. Winbond Electronics Corp., No. 1:05-cv-64, 2010 U.S. Dist. LEXIS 91070, at *28 (D. Utah Sept. 1, 2010).  Furthermore, Plaintiffs maintain that they are on the verge of settling with the remaining defendants in the case.  The court has no insight into the nature of those settlement discussions, but it is possible and even likely that any agreements reached with the remaining defendants have been predicated on the assumption that the Shaw Defendants are in default and that the case is

nearly over.

Finally, the court finds that the Shaw Defendants have not provided persuasive evidence of any meritorious defenses. In order to show such a defense, the defendants must submit a "sufficient elaboration of the facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978) (citations omitted). The Shaw Defendants have presented less than a paragraph of information in their defense for each of the many causes of action with which they are faced. The court sees nothing in these paragraphs that rises to the level of good cause that would be required to set aside the entry of default.

Although the court finds that the Shaw Defendants have not demonstrated good cause in this case, the court declines to award to Plaintiffs the additional attorneys' fees they have incurred in responding to Defendants' motion. Due to the existence of relevant case law in other circuits, the court finds that Defendants' motion is not frivolous.

Before entering default judgment against the Shaw Defendants, the court will hold an evidentiary hearing on the question of damages. During the hearing of March 27, 2012, counsel for the Shaw Defendants represented that the defendants would request that a jury determine this issue. The court asks both parties to submit additional briefing on the question of whether Rule 55 preserves the right to a jury trial for the determination of damages in this case.

## CONCLUSION

The court DENIES the Shaw Defendants' Motion to Set Aside Default Judgment (Dkt. No. 445) and GRANTS Plaintiffs' Motion to Strike the Shaw Defendants' Answer to the Amended Complaint (Dkt. No. 450). The court requests the parties to submit additional briefing

on the question of whether a jury may determine the amount of damages. The parties should file their additional briefs within two weeks from the date of this order.

SO ORDERED this 9th day of April, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge