IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZERO DOWN SUPPLY CHAIN SOLUTIONS, INC.; ZERO DOWN SUPPLY CHAIN SOLUTIONS, LLC; ZERODOWNCONSULTING.COM, INC.; and BRAD MCBRIDE,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>GLOBAL TRANSPORTATION SOLUTIONS, INC.; RFQ WORLD, INC.; RKC DEVELOPMENT, L.C.; KEY BANK OF UTAH; GLOBAL TRANSPORTATION MANAGEMENT SOLUTIONS, INC.; SPARROW & KUNZ, LLC; SHAWN SHAW; PAT CULLINANE; THAD HADERLIE; DATAKAB, L.C.; and VALERIO DE GUEVARA,<br><br>　　　　　　　Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:07-CV-400-TC |

　　　　On February 5, 2010, the court entered default against Defendants Shawn Shaw, Global Transportation Solutions, Inc. (GTS), and Global Transportation Management Solutions, Inc. (GTMS) (collectively, the Shaw Defendants) in the above-captioned matter.  The court found that the Shaw Defendants had failed to comply with discovery requests or to participate in the litigation of the case in any meaningful way.  (Dkt. No. 329.)  The court declined to enter judgment against the Shaw Defendants until after the claims against the remaining defendants had been adjudicated.  Because a settlement now appears imminent in this case (see Status

Report, Dkt. No. 478), the court is ready to set an evidentiary hearing for the purpose of determining damages. At a hearing on March 27, 2012, the court requested that the Plaintiffs and the Shaw Defendants submit briefing on the issue of whether this question of damages should be resolved by judge or jury. For the reasons set forth below, the court finds that the Shaw Defendants have the right to a jury for the purpose of assessing damages.

## ANALYSIS

Rule 55(b) of the Federal Rules of Civil Procedure states that, when conducting a hearing to determine the amount of damages in a case, the court will "preserv[e] any federal statutory right to a jury trial." The Tenth Circuit has made it clear that this statement does not guarantee defendants a jury trial if those defendants are in default: "Defendants do not have a constitutional right to a jury trial following entry of default." Olcott v. Del. Flood Co., 327 F.3d 1115, 1124 (10th Cir. 2003). See also Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999) ("Neither the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default in these circumstances"); Dierschke v. O'Cheskey, 975 F.2d 181, 185 (5th Cir. 1992) ("[I]n a default case neither the plaintiff nor the defendant has the constitutional right to a jury trial on the issue of damages"); Henry v. Sneiders, 490 F.2d 315, 318 (9th Cir. 1974) "Rule [55(b)] does not itself require a jury trial on the issue of damages . . . . Nor does the appellant have a constitutional right to a jury trial under these circumstances, since the Seventh Amendment right to trial by jury does not survive a default judgment").

But Rule 55 is not the only rule that discusses the circumstances under which a defendant may demand that an issue be presented to a jury. Rule 38(d) states that, once a party has requested a jury trial, "[a] proper demand may be withdrawn only if the parties consent." Fed. R.

Civ. P. 38(d). Rule 38(d) does not, by itself, provide the "federal statutory right" that would preserve the right to a jury trial under Rule 55. See Mwani v. Bin Laden, 244 F.R.D. 20, 23-24 (D.D.C. 2007). But the plain language of Rule 38(d) suggests that one party may not unilaterally withdraw its request for a jury trial if the other party does not consent. And nothing in the language of this rule implies that the non-consenting party loses its right to a jury trial simply because it is in default.

    The Tenth Circuit has not directly considered this issue. Plaintiffs cite the case of In re Rains, in which the Tenth Circuit considered an appeal of a party who argued that default judgment had been entered against it improperly. 946 F.2d 731 (10th Cir. 1991). While the Tenth Circuit reversed the lower court's entry of default, it did not find fault with the lower court's failure to provide a jury to determine the issue of damages.[1] Id. at 734. But the Tenth Circuit did not evaluate the Rule 38 issue. See id. ("Our disposition of this case makes it unnecessary for us to address Dr. Rains' other issues on appeal.") And the text of the Tenth Circuit's opinion does not state whether the defendant objected to having the judge decide the issue of damages.

    Plaintiffs also cite other jurisdictions for examples of cases in which one of the parties was denied a jury determination of damages. See Graham v. Malone Freight Lines, Inc., 314 F.3d 7 (1st Cir. 1999); Manno v. Tenn. Prod. Ctr., Inc., 657 F. Supp. 2d 425 (S.D.N.Y. 2009). But these cases are not controlling, and they also fail to examine the Rule 38 issue. In Manno, the defendant relied solely on Rule 55. 657 F. Supp. 2d at 429-30. And in Graham, the First

---

[1] The case was originally scheduled for a jury trial. Id. at 731.

Circuit held that "[n]either the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default in these circumstances." 314 F.3d at 16 (emphasis added). "These circumstances" include the lower court's failure to provide any sort of evidentiary hearing, whether by judge or jury, for the issue of damages. Instead, the district court relied on the documentary evidence submitted by the plaintiff. Id. at n. 12. And on appeal, the plaintiff did not argue that the district court should have held a hearing on damages, but rather that she was entitled to a jury trial. Id. These facts distinguish Graham from the present case, in which the court has found that it will be necessary to hold an evidentiary hearing as the amount of damages are in dispute and not ascertainable from the pleadings.

  The court that has considered the Rule 38 issue most thoroughly is the United States District Court for the District of New Mexico. See Mitchell v. Bd. of Cnty. Comm'rs of Cnty. of Santa Fe, 2007 WL 2219420 (D.N.M. May 9, 2007) (unpublished); Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d 1221 (D.N.M. 2011). The reasoning in these cases is persuasive. In Mitchell, the New Mexico court found that the plaintiff could not unilaterally waive his jury demand for the purpose of a damages hearing when the defendants objected. 2007 WL 2219420, at *11-12. The district court relied on the plain language of Rule 38 and cited Barber v. Turberville, 218 F.2d 34, 37 (D.C. Cir. 1954), in which the District of Columbia Circuit opined that, "in such a case as this, it is the better practice, if not actually compelled, that the issue as to damages be submitted to the jury."

  In the Two Old Hippies case, the court cited language from the Third Circuit that discussed the issue of fairness:

> While the provisions of Rules 38 and 39, Federal Rules of Civil Procedure,

concerning notice and consent in connection with requests for and waivers of jury trial are not expressly made applicable to default situations in which the issue of damages must be tried, we think the requirements of notice and consent stated in those rules should in fairness and logic be applied to cases of the present type. For even one who fails to contest liability on an unliquidated claim has a vital interest in the subsequent determination of damages and is entitled to be heard on this matter.

Hutton v. Fisher, 359 F.2d 913, 916 (3d Cir. 1966). And in Mitchell, the court emphasized that "it is Mitchell as plaintiff who is responsible for the jury demand in this case, and controls his destiny." 2007 WL 2219420, at *13. The court agrees that considerations of fairness argue against allowing Plaintiffs in this case to unilaterally withdraw their demand for a jury after that demand has been properly made.

## CONCLUSION

Because the plain language of Rule 38(d) states that both parties must consent to withdraw a jury demand once it has been properly made, and because considerations of fairness support this finding, the court holds that the Shaw Defendants are entitled to a jury on the question of damages.

SO ORDERED this 21st day of May, 2012.

BY THE COURT:

*Tena Campbell*

_____
TENA CAMPBELL
United States District Judge

5