IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZERO DOWN SUPPLY CHAIN SOLUTIONS, INC. et al., <br><br> Plaintiffs, <br> v. <br><br> GLOBAL TRANSPORTATION SOLUTIONS, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES <br><br> Case No. 2:07-cv-400 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Dustin Pead |

Plaintiffs in this matter consist of Zero Down entities and their founder Dan McBride. Defendants, relevant for the purpose of this decision, consist of Global Transportation Solutions ("GTS"), Shawn Shaw – the sole shareholder of GTS, and Global Transportation Management Solutions, LLC ("GTMS").

Before the Court is Defendants' motion for an order awarding attorneys' fees incurred in connection with the dismissal of Plaintiffs' federal and Florida RICO claims.   (Docket No. 467.) As outlined below, the Court is not persuaded by Defendants' arguments, and DENIES the motion.

## I. BACKGROUND

Plaintiffs commenced this action in the Southern District of Florida in June 2006.   The complaint and amended complaint both contained federal and Florida RICO claims.   In June 2007, the Florida Court entered an order transferring the case to this district pursuant to 28 U.S.C. § 1404(a).   (Docket No. 1.)   On October 17, 2008, District Judge Tena Campbell issued a

memorandum decision and order dismissing all of Plaintiffs' Florida and federal RICO claims because they "fail[ed] to allege conduct that constitute[d] a threat of continuing criminal activity." (Docket No. 156.)   However, Judge Campbell refused to dismiss Plaintiffs' remaining claims. (*Id.*)   On February 5, 2010, Judge Campbell ordered default against Defendants. (Docket No. 329.)   A jury trial for damages is set for December 4, 2012 through December 7, 2012.

## II. GOVERNING LAW

Where a change of venue occurs, a transferee district court sitting in diversity must apply the law of the transferor court.   *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1544-45 (10th Cir. 1996).   However, where jurisdiction is based on a federal question, a federal district court is obligated to apply the law of the circuit in which it sits, unless the issue is one of "geographically non-uniform" federal law.   *Id.* at 1546.

In this case, Judge Campbell previously ruled the Court would apply Tenth Circuit law to Plaintiffs' federal claims.   (Docket No. 156.)   Therefore, Tenth Circuit law will govern this Court's analysis of Plaintiffs' dismissed federal RICO claims, while Eleventh Circuit law governs analysis of Plaintiffs' dismissed Florida RICO claims.

## III. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants seek an award of fees for Plaintiffs' dismissed Florida RICO claims under FLA. STAT. ANN. § 772.104(3) (2012).   Pursuant to this statute, a defendant is entitled to reasonable attorneys' fees upon a finding that a claimant raised a civil RICO claim that was "without substantial factual or legal support."   *Smith v. Viragen, Inc.*, 902 So. 2d 187, 191 (Fla. Dist. Ct. App. 2005); *Hartford Ins. Co of the Midwest v. Miller*, 681 So. 2d 301, 301 (Fla. Dist. Ct. App. 1996); *Foreman v. E.F. Hutton & Co.*, 568 So. 2d 531, 532 (Fla. Dist. Ct. App. 1990).

Defendants seek an award of fees for Plaintiffs' dismissed federal RICO claims pursuant to *Golden Meadows Properties, LC v. Strand*, 241 P.3d 375 (Utah Ct. App. 2010) (finding a party who prevailed on some of its multiple claims was entitled to *all* attorneys' fees incurred in the litigation because all the claims involved a common core of facts and related legal theories). Defendants assert they deserve attorneys' fees on the dismissed federal RICO claims because the legal work done to defend against these claims was "inextricably intertwined" with the legal work done to defend against the Florida RICO claims. (Docket No. 468.)

## A. <u>Laches</u>

Plaintiffs oppose the grant of attorneys' fees to Defendants because Defendants "neglected to file" the motion until "three and a half years after the claims were dismissed." (Docket No. 475). The Court construes Plaintiffs' argument in this regard to relate to the doctrine of latches.

The Supreme Court has held that a post-judgment motion for fees is untimely where it "unfairly surprises or prejudices the affected party." *White v. New Hampshire Dept. of Emp't Sec.*, 455 U.S. 445, 454 (1982).   Along the same lines, both the Tenth and Eleventh Circuits have found a party's claims barred by laches where: (1) a party delays bringing a claim; (2) the delay is unreasonable or inexcusable; and (3) the delay causes undue or material prejudice to the party against whom the claim is asserted.   *See, e.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 949 (10th Cir. 2002); *Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1203 (11th Cir.1997).

In this case, the Court fundamentally agrees with Plaintiffs, in that it would be inappropriate to award attorneys' fees to Defendants on the dismissed RICO claims.   Defendants delayed bringing their claim for attorneys' fees on these claims until nearly four years after Judge Campbell dismissed them, and more than two years after she issued an order of default against

Defendants.   (Docket Nos. 156, 329.)   The Court finds Defendants' delay inexcusable and unreasonable as Defendants failed to offer any explanation for waiting so many years before seeking attorneys' fees.   Finally, the Court concludes granting Defendants attorneys' fees at this late stage in the proceedings would unduly and materially prejudice Plaintiffs.   After the dismissal of the RICO claims, Plaintiffs proceeded with the remainder of their lawsuit with no anticipation that, years down the road, they would have to defend against a defaulting party's stale request for attorneys' fees.

## B. <u>Unclean Hands</u>

Plaintiffs also oppose Defendants' motion for attorneys' fees because they allege the dismissal of Plaintiffs' RICO claims resulted from the fact that "Defendants flatly refused to participate in the discovery process, denying Plaintiffs the opportunity to conduct necessary discovery to determine whether RICO claims may have, in fact, been appropriate."   (Docket No. 475.)   Plaintiffs additionally assert that Defendants are "fairly precluded" from bringing a motion for fees where Defendants' "[w]illful misconduct . . . led to an entry of default judgment against them."   (Docket No. 475.)   The Court interprets Plaintiffs' opposition in this regard to relate to unclean hands.

The unclean hands doctrine requires that "he who comes into equity must come with clean hands."   *Precision Instrument Mfg. Co v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). The doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."   *Id.*   Stated conversely, a party seeking relief must "have acted fairly and without fraud or deceit as to the controversy in issue."   *Id.* at 815; *see Worthington v. Anderson*, 386 F.3d 1314, 1319 (10th Cir. 2004) (using the Supreme Court's unclean hands standard from *Precision* in the Tenth Circuit).   *See also In re Kingsley*, 518 F.3d

874, 878 (11th Cir. 2008) (noting the Eleventh Circuit's unclean hands doctrine bars relief to a party who "has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice or unfairness").

In this case, Judge Campbell previously noted Defendants' "history of failing to honor their discovery obligations, their duty to the Court, and their duty to opposing counsel," and "not [being] straightforward in their representations . . . to opposing counsel or the Court."   (Docket No. 281.) More specifically, Defendants failed to timely answer Plaintiffs' March 3, 2008 complaint and to comply with court orders compelling discovery.   (*See* Docket Nos. 242, 263, 272.)   Their failures resulted in Judge Campbell: (1) issuing an order to show cause (Docket No. 263); (2) deeming Plaintiffs' requests for admissions admitted (Docket No. 272); (3) imposing sanctions on Defendants' previous attorney (Docket No. 272); (4) holding Defendants in contempt of Court (Docket No. 290); (5) dismissing Defendants' counterclaims with prejudice and on the merits (*id.*); and (6) awarding Plaintiffs their reasonable expenses, including attorneys' fees, incurred as a result of Defendants' failure to comply in good faith with the Court's discovery orders.   (*Id.*).

As a result of Defendants' failure to comply with discovery requests or to participate in the litigation in any meaningful way, on February 5, 2010, Judge Campbell issued an order of default against Defendants on Plaintiffs' remaining claims.   (Docket No. 329.)   Because of Defendants' wrongful conduct, Judge Campbell denied Defendants' motion to set aside the default.   (Docket No. 465.)

This Court finds that Defendants' persistent, inequitable conduct in this case, as outlined above, rises to the level of unclean hands.   As such, the Court denies Defendants' motion for attorneys' fees under the doctrine of unclean hands.

**IV. PLAINTIFFS' REQUEST FOR SANCTIONS**

Plaintiffs request sanctions against Defendants in the form of attorneys' fees expended in responding to Defendants' present motion.   (Docket No. 475.)   Plaintiffs allege Defendants' motion violated the timing procedures set forth in the Federal Rules of Civil Procedure.   (*Id.*) Plaintiffs also allege Defendants lack standing to bring the motion because of the default entered against them.1  (*Id.*)   However, Plaintiffs' general allegations are insufficient where they failed to cite to any specific timing provisions of the Federal Rules of Civil Procedure that Defendants violated.   As such, the Court will not impose sanctions on Defendants.

**V. CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' motion for attorneys' fees. (Docket No. 467.)

DATED this <u>19</u><sup>th</sup>  day of <u>October </u>2012.

Dustin Pead
U.S. Magistrate Judge

---

1  In light of the Court's decision to deny Defendants' motion for attorneys' fees on laches and unclean hands grounds, the Court declines to address whether Defendants, who have defaulted, have standing to seek attorneys' fees. (Docket No. 475.)